## No. 827
## KING v. VAN PELT, Executor
### No. 19970. Supreme Court

On motion to certify. Dock. July 13, 1926; 4 Abs. 493.

831. NEGOTIABLE INSTRUMENTS — Where the Common Pleas finds that certain notes in question were returned to the makers thereof as gifts causa mortis may the Court of Appeals reverse the judgment on the ground of error in applying the law to the facts as shown by the undisputed testimony and render judgment against the makers when the same was not prayed for in the petition in error?

This action was brought originally in the Highland Common Pleas by Bert Van Pelt, executor of the estate of E. G. Cox, deceased, against Frank L. and Mildred King upon two promissory notes executed by the Kings, E. G. Cox being the payee. The Kings filed an answer in which they alleged that the deceased gave the notes back to Mrs. King just before going to the hospital with the statement "These notes are yours. I give them to you. I may ask you for them if I come back from the hospital"; that the notes were accepted and that Cox died at the hospital.

The Common Pleas held the notes to have been given to Mildred King as a gift causa mortis. This judgment was reversed by the Court of Appeals for error "In applying the law to the facts as shown by the undisputed testimony and judgment was rendered in favor of the executor."

The Kings in the Supreme Court contend: that the Court of Appeals had no jurisdiction to render judgment in favor of the executor when judgment was not requested in the petition in error.

Attorneys—Wilson & Morrow, Hillsboro, and J. P. Phillips, Chillicothe, for King; C. Newby, Hillsboro, for Van Pelt.

## No. 828
## KOHLER, Sheriff v. POWELL, Judge et.
## STATE ex KOHLER v. POWELL, Judge et.
### Nos. 19960 and 19961. Supreme Court

On motion to certify. Dock. July 8, 1926; 4 Abs. 475.

955. PRISONERS — May the Judges of the Common Pleas Court prescribe the rules and regulations for the feeding and care of prisoners in the county jail?

These actions were brought originally in the Cuyahoga Common Pleas by Fred Kohler, sheriff and the State ex rel Kohler, sheriff, against Homer G. Powell and other judges of the Cuyahoga Common Pleas Court for a writ of prohibition against the enforcement of certain rules and regulations for the feeding and care of the prisoners in the county jail.

It appears that the Judges had prepared the rules and regulations concerning the feeding and care of prisoners in the county jail and it is to restrain the Judges from enforcing these rules that these actions were brought. The Court of Appeals sustained a demurrer to the petition.

Kohler on motion to certify, in the Supreme Court, contends: that the Common Pleas Judges have no jurisdiction or lawful authority to create and enforce rules for the care of prisoners in the county jail.

Attorneys—Tolles, Hogsett, Ginn & Morley for Kohler; E. C. Stanton and W. H. Boyd for Powell et; all of Cleveland.

## No. 829
## LEACH v. XENIA (City)
### No. 19971. Supreme Court

On motion to certify. Dock. July 13, 1926; 4 Abs. 493.

797. MUNICIPAL CORPORATIONS—May a city charter constitutionally authorize the appointment of a Police Judge by the city commission?

Eva Leach brought this action originally in the Greene Common Pleas against the city of Xenia to recover back a fine paid which was assessed by a Police Judge in said city.

It appears that the charter of the city provided for the appointment of a Police Judge who was to have the authority, jurisdiction, and powers of a mayor of other municipalities.

The judgment of the Common Pleas in sustaining a demurrer to the petition was affirmed by the Court of Appeals.

Leach in the Supreme Court contends: that the provision of the charter providing for the appointment of a Police Judge was unconstitutional and therefore void and that the city commission therefore had no authority to appoint a police judge and that the acts of the Police Judge were of no effect.

Attorneys—F. L. Johnson for Leach; J. A. Finney for City; both of Xenia.